Opinion issued June 14, 2012.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-01145-CV

———————————

JetaIME NAVARRO, Appellant

V.

TEXAS
DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, Appellee



 



 

On
Appeal from the 309th District Court

Harris County,
Texas



Trial
Court Cause No. 2006-50182

 



 

MEMORANDUM OPINION

          Appellant, Jetaime Navarro, appeals
the trial court’s “Final Decree for Termination,” signed December 8, 2010.  Appellant has neither established indigence[1]
nor paid the required filing fee for his appeal.  See Tex.
R. App. P. 5 (requiring payment of fees in civil cases unless indigent);
see also Tex. Gov’t Code Ann.
§ 51.207 (Vernon Supp. 2011), §.51.941(a)
(Vernon 2005), § 101.041 (Vernon Supp. 2011) (listing fees in court of appeals); Order Regarding
Fees Charged in Civil Cases in the Supreme Court and the Courts of Appeals and
Before the Judicial Panel on Multidistrict Litigation, Misc. Docket No. 07-9138
(Tex. Aug. 28, 2007), reprinted in Tex. R. App. P. app. A §
B(1). 

Appellant was represented by appointed counsel at trial and,
through counsel, claimed indigence for purposes of appeal.  After a hearing, the trial court signed an
order in which it found the appeal to be frivolous, found that appellant is not
indigent for purposes of appeal, and denied appellant’s request for appointed
appellate counsel.[2]  Appellant did not challenge the trial court’s
order.[3]

On February 3, 2011, the Court notified appellant that the
filing fee was due and that the appeal was subject to dismissal for non-payment
of fees.  See Tex. R. App. P. 5, 42.3(b), (c).  Appellant did not respond.

On January 24, 2012, the Court again notified appellant that
the filing fee was past due and that the appeal would be dismissed if the fee
was not paid within 10 days.  See id. 
The notice was returned, marked “undeliverable.”   Appellant
is required to keep the Court informed of his current address.  See
Tex. R. App. P. 6.3(c), 9.1(b).

          Because the filing fee has been past
due for over a year, we dismiss the appeal for want of prosecution.  See Tex.
R. App. P. 5 (allowing enforcement
of rule), 42.3(b) (allowing dismissal for want of prosecution), 42.3(c) (allowing
dismissal for failure to comply with Texas Rules of Appellate Procedure).  We dismiss any pending motions as moot.

PER CURIAM

Panel
consists of Chief Justice Radack and Justices Jennings and Keyes.

 











[1]
              See Act of May 22, 2001, 77th Leg., R.S., ch.
1090, § 9, 2001 Tex. Gen. Laws 2395, 2398, repealed
by Act of May 5, 2011, 82d Leg., R.S., ch. 75, §
5, 2011 Tex. Sess. Law Serv. 348, 349 (West) (formerly codified at Tex. Fam. Code Ann. §.263.405(d),
(e)).  Because the
final order being appealed in this case was signed before the effective date of
the Act, September 1, 2011, we apply the law in effect on the date the final order
was signed.  





[2]
          See Act of May 22, 2001, 77th Leg., R.S.,
ch. 1090, § 9, 2001 Tex. Gen. Laws 2395, 2398
(repealed 2011) (formerly codified at Tex.
Fam. Code Ann. §.263.405(d), (e)).  





[3]
              See id.  (formerly
codified at Tex. Fam.
Code Ann. §.263.405(g)).